**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald A Poetz,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-23-02702-PHX-KML<br><br>**ORDER** |

Plaintiff Ronald A. Poetz seeks review of the Social Security Commissioner's final decision denying him disability insurance benefits. Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and is not based on harmful legal error, it is affirmed.

**I.   Background**

Poetz protectively filed an application for disability insurance benefits on October 7, 2020.[1] (Administrative Record ("AR") 15.) The ALJ determined his severe impairments were degenerative disc disease of the cervical spine with radiculopathy, remote history of left shoulder surgery, idiopathic neuropathy, residuals of varicose vein surgeries, history of respiratory failure, history of peripheral vestibular hypofunction/vertigo, and obesity. (AR 18.) Poetz does not allege he had any other severe impairments. (*See* Docs. 14, 15.)

---

[1] Poetz filed an application for disability insurance benefits in 2018 and received an unfavorable decision. (AR 77–94.) Such a decision creates a rebuttable presumption that a claimant is not disabled. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988)). The ALJ determined the presumption was rebutted here because Poetz alleged new impairments. (AR 16.)

The ALJ denied Poetz's claim (AR 23) and the appeals council denied his request for review. (AR 1.) Poetz then appealed to this court.

## II.  Legal Standard

The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" of evidence and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.  Discussion

### A.  The ALJ's Five-Step Disability Evaluation Process

Under the Social Security Act, a claimant for disability insurance benefits must establish disability prior to the date last insured. 42 U.S.C. § 423(c); 20 C.F.R. § 404.131. A claimant is disabled under the Act if he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months or more. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

Whether a claimant is disabled is determined by a five-step sequential process. *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022) (summarizing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step three, the claimant must show his impairment or combination of impairments meets or equals the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). At step four, the claimant must show his residual functional capacity ("RFC")—the most he can do with his impairments—precludes him from performing his past work. *Id.* at § 404.1520(a)(4)(iv). If the claimant meets his burden at step three, he is presumed disabled and the analysis ends. If the inquiry

proceeds and the claimant meets his burden at step four, then at step five the Commissioner must determine if the claimant is able to perform other work that "exists in significant numbers in the national economy" given the claimant's RFC, age, education, and work experience. *Id.* at § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.*

At step three the ALJ determined Poetz did not have an impairment or combination of impairments that medically equaled the severity of a listed impairment, and he had the RFC to perform "light work" with additional limitations given his impairments. (AR 19.) The ALJ used this RFC to conclude at step four that Poetz could perform his past relevant work as a packaging supervisor, which does "not require the performance of work-related activities precluded by" his RFC. (AR 22.) These conclusions were based, in part, on the ALJ discounting some of Poetz's symptom testimony. (*See* AR 19–22, 32–43.)

Poetz only argues the ALJ failed to articulate clear and convincing reasons to find his testimony about the intensity, persistence, and limiting effects of his symptoms unpersuasive. Poetz argues properly accounting for his symptom testimony "would require an ALJ to find [him] disabled." (Doc. 12 at 14.)

**B. Poetz's Symptom Testimony**

The ALJ stated Poetz's "medically determinable impairments could reasonably be expected to cause some of [his] alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record." (AR 18–19.) Poetz contends the ALJ improperly relied on his daily activities and objective medical evidence—specifically, repeated normal findings on physical examinations—as reasons to discount his symptom testimony. (Docs. 12 at 8–14, 15 at 4–8.)

When a claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to cause the severity of the symptoms alleged and there is no evidence of malingering, an ALJ may only reject subjective symptom-severity testimony by offering "specific, clear and convincing reasons for doing so." *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quoting *Garrison v. Colvin*,

759 F.3d 995, 1014–15 (9th Cir. 2014)). Such findings are sufficiently specific when they permit a reviewing court to conclude the ALJ "did not arbitrarily discredit [a] claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (simplified), *superseded on other grounds by* 20 C.F.R § 404.1502(a). The ALJ did not find that Poetz was malingering. So, the ALJ could only discredit his symptom testimony by providing "specific, clear and convincing" reasons for doing so. *Revels*, 874 F.3d at 655.

Contradictions between a claimant's symptom testimony and his daily activities provide a valid ground for discounting his symptom testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). And here, the ALJ was specific in describing why Poetz's activities contradicted his testimony; for example, in finding that preparing meals, cleaning the kitchen, and doing laundry all involve moving the neck and using upper extremities for gross and fine manipulation, contradicting Poetz's claims of disabling pain in the shoulder and cervical spine. (AR 20; *see also* AR 20 (describing how Poetz's daily walks contradicted his claim of disabling neuropathy).) But in considering daily activities to discount a claimant's symptom testimony, the ALJ must conduct a "transferability" and "substantiality" analysis. That analysis requires an ALJ consider whether a claimant can spend a "*substantial* part" of his day "engaged in pursuits involving the performance of physical functions that are *transferable* to a work setting." *Id.* (citation omitted) (emphases added). The ALJ did not conduct such an analysis here (*see* AR 19–22) and the Commissioner does not argue otherwise. (*See* Doc. 14.) It was therefore legal error for him to use Poetz's daily activities as a reason to discount his symptom testimony.[2]

The ALJ, however, properly used objective medical evidence to discount Poetz's

---

[2] Poetz also argues the ALJ improperly relied on his travel history to discount his symptom testimony. (Docs. 12 at 12–13, 15 at 7–9). But it was Poetz's burden to describe how he was able to travel in light of allegedly disabling impairments given the lack of other ambiguities in the record. *See Lewis v. Comm'r of Soc. Sec.*, No. 121-CV-01243-ADA-SAB, 2023 WL 2182464, at *8 (E.D. Cal. Feb. 23, 2023), *report and recommendation adopted*, No. 121-CV-01243-ADA-SAB, 2023 WL 3794402 (E.D. Cal. June 2, 2023).

symptom testimony, making any error in failing to make explicit transferability and substantiality findings harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (simplified) (an ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination."). The ALJ cited medical records at length to support his nondisability determination and to discount Poetz's symptom testimony, far exceeding the "mere scintilla" required by the substantial evidence standard. *Orn*, 495 F.3d at 630. (*See* AR 18–22.) Poetz cites purportedly contrary medical records, but the relevance of those records is not obvious and even if they could support a disability determination, that is not the standard here. Rather, if "the evidence [in the record] is susceptible to more than one rational interpretation" the court "will uphold the ALJ's conclusion." *Tommasetti*, 533 F.3d at 1039.

Poetz contends the ALJ rejected his symptom testimony by highlighting selective normal findings in his medical records such as medical documentation of normal sensation, strength, shoulder range of motion, and gait. (Doc. 12 at 9.) Poetz argues the ALJ failed to explain why he considered those normal findings but disregarded other evidence in the record that supported or was consistent with Poetz's symptom testimony. (Doc. 12 at 10.) Again, though, where the record evidence supports multiple rational interpretations—as it does here—the court must uphold the ALJ's conclusion. *Id.* Poetz relies on a case from this district that held an ALJ had erred by failing to consider "a significant piece of medical evidence," but he cites no such evidence here, so that argument also fails. (Doc. 12 at 11 (citing *Lewis v. Comm'r of Soc. Sec. Admin.*, 625 F. Supp. 3d 942, 949–50 (D. Ariz. 2022)).)

The ALJ also discounted Poetz's testimony of "constant dizziness" because he exhibited "normal gait at multiple appointments," denied dizziness at several appointments, and showed "only slight difficulties with balance at his consultative examination." (AR 20–21.) Poetz contends the ALJ misinterpreted his testimony because he did not claim constant dizziness but rather "dizziness when performing certain movements." (Doc. 12 at 10 n.5.) It is far from clear Poetz testified to that effect. The ALJ

asked Poetz if his dizziness "comes and goes or is [ ] there all the time[.]" (AR 37.) Poetz replied "[i]t's there all the time[.]" (AR 38.) He then went on to describe certain activities that make him "extremely dizzy." (AR 38.) When the ALJ asked whether Poetz gets dizzy when "getting up from a seated position," Poetz replied "[n]ot every time." (AR 37.) It is not clear from the transcript whether Poetz was or was not claiming constant dizziness. (*See* AR 37–38.) But if Poetz "misspoke at the hearing . . . then his attorney should have clarified the record at that time[,]" *Ramirez v. Berryhill*, No. CV 16-03755-KES, 2017 WL 5495505, at *24 (C.D. Cal. Nov. 15, 2017), and Poetz's attorney asked no questions about dizziness. (*See* AR 40–43.) So, it was reasonable for the ALJ to believe Poetz was testifying he had constant dizziness and the contrast between the objective medical evidence and Poetz's testimony (*see* AR 20, 40–43) provides a valid basis for the ALJ to discount his symptom testimony.

As Poetz points out, "ALJs may not cherry-pick portions of the evidence that support the ALJ's preferred outcome of a case while ignoring evidence that supports a claimant's symptom testimony." (Doc. 12 at 10.) *See Attmore v. Colvin*, 827 F.3d 872, 877–78 (9th Cir. 2016) (noting an ALJ is "not permitted to 'cherry pick' from [ ] mixed results to support a denial of benefits" but rather the ALJ's examples must "constitute examples of a broader development.") (simplified). But Poetz does not explain how the ALJ "cherry-picked" when normal findings and denials of symptoms existed throughout the disability period. (*See* Doc. 12 at 11–12.) Contrary to Poetz's argument that the ALJ failed to "look to the record *as a whole*" (Doc. 15 at 6), the ALJ did discuss multiple abnormal findings, noting some "could explain" or "could contribute" to the symptoms Poetz complained of. (AR 20.) These included several of the records Poetz cited as supporting a disability finding and as contradicting the ALJ's findings. (*Compare* AR 20 *with* Doc. 12 at 10.) The ALJ evaluated the record as a whole and simply came to a different conclusion than Poetz preferred. For these reasons, Poetz's argument that the ALJ "cherry-picked" portions of the medical records that supported his nondisability finding fails.

Although the ALJ erred in using Poetz's daily activities in the testimony-rejection

analysis without explicit substantiality and transferability findings, the error was harmless because the discrediting was otherwise supported by objective medical evidence. That evidence provided "specific, clear and convincing reasons" for discrediting Poetz's symptom testimony and was sufficiently specific to conclude the ALJ "did not arbitrarily discredit" his testimony. *Revels*, 874 F.3d at 655 (quoting *Garrison*, 759 F.3d at 1014–15); *Tommasetti*, 533 F.3d at 1039. Thus, the ALJ's decision to discredit Poetz's testimony was supported by substantial evidence. *See Marsh*, 792 F.3d at 1173.

## IV.   Conclusion

Poetz's contention that it was error for the ALJ to discount his symptom testimony fails. The ALJ's decision is supported by substantial evidence and is not based on harmful legal error, so it is affirmed.

**IT IS ORDERED** affirming the March 28, 2023, decision of the ALJ.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 10th day of January, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge